# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Docket No. 3:25-CR-30007 |
| | ) |
| JUDITH PEPE, | ) |
| *Defendant.* | ) |
| _____ | ) |

## MOTION IN LIMINE TO EXCLUDE PORTIONS OF BODY CAMERA FOOTAGE

The Defendant, through counsel, here respectfully asks this court to preclude the government from introducing from FBI body camera footage audio consisting of the following four categories of statement: (1) law enforcement references to weapons found or anticipated in the Defendant's roommate's apartment, (2) law enforcement opinion that the defendant committed the charged crime, (3) references to "the incident that happened in Washington" (presumably referring to Defendant's roommate's activities in DC), and (4) the Defendant's comments indicating that this is not the first time she has been the victim of search warrant execution. The specific portions of the FBI body camera footage at issue are listed below.

1

1. **Bates 016 at 3:40; Bates 021 at 344**: law enforcement personnel referring to "the incident that happened in Washington."

2. References to weapons:

   a. **Bates 014 at 9:05, Bates 017 at 9:09,** officer says, "There's a big'ole knife in here, it was one of the things she had on her down south." Hearsay not within any exception, substantially more prejudicial than probative

   b. **Bates 024 at 9:53, Bates 025 at 9:57:** officer reports that he found a butterfly knife in a desk

   c. **Bates 025 at 7:58:** officer reports that the fridge is for "chemicals and stuff to keep 'em cool"

3. Law enforcement officers' opinions on whether the defendant committed a crime:

   a. **Bates 015 and Bates 019, introductory minute:** law enforcement officials speaking to each other about charges against the Defendant

   b. **Bates 015 and Bates 019 at 1:15-1:18**: officers telling the Defendant that she will be charged with assaulting a federal officer.

4. Defendant making comments indicating that this is not the first time she has been the victim of a search warrant execution.

   a. **Bates 016 at 5:15, and Bates 021 at 4:10-4:12:** Defendant says to agent, "you'll break my shit like you always do."

   b. **Bates 016 at 5:40 and Bates 021 at 5:35**: Defendant says to agent, "last time a big fat pig like you put their hands in there they left with eighty bucks."[1]

---

[1] A portable drive labeled "Exhibit 1" with copies of each of the above-listed audio-visual recordings is being filed by mail.

**FACTS**

The Defendant is charged with one count of assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. § 111(a)(1). (Doc. 8.) The charges arise from the execution of a search warrant at her home related to alleged unlawful conduct by her roommate during a trip to Washington, DC. During the search the agents recovered and referred to two knives. They also speculated that the refrigerator in the kitchen could be used by criminals who want to keep chemicals cold.

While the FBI agents were executing the search warrant, the Defendant took the opportunity to verbally challenged them, calling them pigs and nazis, suggesting that their families should be ashamed of them, and observing that their agency was participating in the deportation of children. She also complained that during a previous search her belongings were broken and money stolen from her.

For reasons that are not clear, the officer in charge of the search then ordered all the agents to turn off their cameras. They did so. There is no further footage.

According to officers, they subsequently instructed the Defendant to sit in a chair, which she did, but she then unaccountably

3

became "enraged" and began screaming insults and threats at them before spitting in one agent's face.

The Defendant was then arrested and taken to a police station where she was handcuffed and informed that she was being charged with both state and federal crimes. She made no answer except to say, "great." The agents continued to speak to her, telling her she should "chill out" and not "do it again."

## ARGUMENT

1. Statements about the roommates' criminal activity in Washington DC should be excluded as irrelevant under FRE 401, 403, and 802.

References to the Defendant's roommate's activities in Washington should be excluded as irrelevant. Relevant evidence has any tendency to make a fact more or less probable than it would be without the evidence and is of consequence in determining the action. FRE 401. The Defendant's roommate's activities in Washington, DC, do not tend to make any material fact "more or less probable." The roommate allegedly criminal activity in Washington DC is not "a fact of consequence in determining" whether the Defendant spat on the agent while detained in her kitchen.

In addition, the allegation that the Defendant's roommate

committed a crime in another state is substantially more prejudicial than probative and therefore should be excluded under FRE 403.

2. References to weapons should be excluded under FRE 401 and 403.

Law enforcement statements reporting what the FBI agents saw in the apartment should be excluded under FRE 802 as hearsay not within any exception. They should also be excluded as irrelevant under FRE 401. The presence of two knives and a refrigerator does not have a tendency to make any material fact more or less probable, and neither the knives nor the refrigerator is a fact of consequence in determining whether the Defendant spat on the agent.

In addition, the agents' statements speculating about possibly criminal uses for the knives and the refrigerator are also substantially more prejudicial than probative, since they all involve allegations that the items were or could be used as weapons. They should be excluded under FRE 403.

3. References to weapons should be excluded under FRE 401 and 403.

Law enforcement personnel's statements to each other and to the Defendant regarding the charges they are going to bring against her are hearsay not within any exception and should be

excluded under FRE 802.

4. References to previous search warrant executions should be excluded under FRE 403.

The Defendant's reference to previous search warrants, though marginally relevant, is substantially more prejudicial than probative. The statements should be excluded under FRE 403. By implying that the Defendant had been the victim of previous search warrants, the government risks implying to the jury either that the Defendant had engaged in or been suspected of criminal conduct.

## CONCLUSION

For the reasons stated above and to preserve the Defendant's right to due process and a fair trial, as guaranteed under both state and federal constitutions, the listed statements should be excluded from trial.

Respectfully Submitted,
JUDITH PEPE,
By Counsel,
*/s/ Dana Goldblatt*
Massachusetts BBO# 601022
The Law Office of Dana Goldblatt
PO Box 85
Northampton, MA 01060
413-570-4136
dana@danagoldblattlaw.com

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |
|---|---|
| | ) |
| UNITED STATES OF AMERICA, | ) |
| *Appellee,* | ) |
| | ) |
| v. | ) Docket No. 3:25-CR-30007 |
| | ) |
| JUDITH PEPE, | ) |
| *Defendant-Appellant.* | ) |
| _____ | ) |

---

## CERTIFICATE OF SERVICE

---

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) on April 17, 2026.

> Respectfully Submitted,
> JUDITH PEPE,
> By Counsel,
> */s/ Dana Goldblatt*
> Massachusetts BBO# 601022
> The Law Office of Dana Goldblatt
> 150 Main Street, Ste 28
> Northampton, MA 01060
> 413-570-4136
> dana@danagoldblattlaw.com