UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JAMES G. PEPE, III,

       Defendant

CRIMINAL No. 3:25-cr-30007-MGM

## JOINT PROPOSED FINAL JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties, represented by undersigned counsel, respectfully submit their proposed final jury instructions.

The parties agree with the Court's standard final jury instructions. (ECF No. 67-2)

The parties' agreement as to these instructions may change while the parties prepare for trial, during trial, and at the close of evidence.

The parties agree that the First Circuit has not published an applicable pattern jury instruction for the charged offense.

**The Government's Proposal and Objections**

The Government proposes the jury instructions attached as Exhibit 1. The Government objects to the Defendant's proposal to rely on the Fifth and Tenth Circuit Pattern Jury Instructions for an instruction on the word "forcible." In the First Circuit, "[t]he element of "forcible" action can be met by a showing of either physical contact with the federal agent, or by 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death." *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017). Even offensive, yet painless acts (such as spitting in someone's face) is sufficient evidence. *Id.*; *see*

*also*, *United States v. Frizzi*, 491 F.2d 1231, 1231 (1st Cir. 1974). The Fifth and Tenth Circuit Pattern Jury Instructions include additional language requiring an intent to inflict injury and thus should not be used in the First Circuit.

**The Defendant's Proposal and Objections**

The Defendant proposes either the Pattern Jury Instruction published by the Fifth Circuit or the Pattern Jury Instruction published by the Tenth Circuit, both of which are attached as Exhibit 2. The Defendant objects to the government's definition of "forcibly" in Proposed Instruction 5. The Defendant also objects to the government's reliance on *dicta* in *Taylor* (*supra*) to suggest that "forcibly" means mere "physical contact." The "forcibly" element in Section 111(a) is not satisfied by *de minimis* physical contact because such a definition would render the "forcibly" element redundant. *See United States v. Cortes-Claudio*, 312 F.3d 17, 21 (1st Cir. 2002) (statutory construction should avoid interpretations that create redundancy). Section 111(a) defines a crime that is both (1) forcible and (2) involves "physical contact." If forcible could mean "involving physical contact," then the "forcibly" requirement would be pure surplusage.

The government's reliance on *Frizzi* (supra) is misplaced. *Frizzi* was decided in 1974, before the amendment that made "involving physical contact" a distinct element.

The defense is not aware of any circuit to publish a pattern instruction for Section 111(a) that defines the "forcibly" element as satisfied by *de minimis* physical contact. Such a definition would be pure error.

Date:   May 6, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:  */s/ Thomas A. Barnico, Jr.*
Thomas A. Barnico, Jr. (BBO#696929)
Assistant United States Attorney

United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
413-785-0235
Thomas.Barnico@usdoj.gov

*/s/ Caroline Merck*
Caroline Merck (BBO#691919)
Assistant United States Attorney
United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
413-785-0235
Caroline.Merck@usdoj.gov

Respectfully Submitted,
JUDITH PEPE,
By Counsel,
*/s/ Dana Goldblatt*
Massachusetts BBO# 601022
The Law Office of Dana Goldblatt
PO Box 85
Northampton, MA 01060
413-570-4136
dana@danagoldblattlaw.com

3

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas A. Barnico, Jr., hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing.


May 6, 2026

*/s/ Thomas A. Barnico, Jr.*
Thomas A. Barnico, Jr.
Assistant United States Attorney

4