UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. PEPE, III,<br><br>Defendant | CRIMINAL No. 3:25-cr-30007-MGM |

LEAVE TO FILE GRANTED ON:
May 4, 2026 (ECF No. 78

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S OMNIBUS MOTION IN LIMINE (ECF NO. 75)

The United States, by and through Assistant U.S. Attorneys Thomas A. Barnico Jr. and Caroline Merck ("the Government"), respectfully submit this reply to Defendant's Response to the Government's Omnibus Motions in Limine (ECF No. 75). Specifically, the Government's reply is to the Defendant's argument to exclude video and audio footage from the Deerfield Police Department ("DPD") that contains the Defendant's post-arrest actions and statements. The Defendant argues, in part, that this evidence should be excluded because (1) it was not produced in automatic discovery and (2) it was recorded in violation of Massachusetts wiretap laws. The Government replies to each argument below.

*First*, the Government provided automatic discovery to the Defendant on April 30, 2025. Included in that automatic discovery production were two media files from the Deerfield Police Department – bates stamps PEPE-000012 and PEPE-000013. The first media file, PEPE-000012, contains video and audio and it captures the booking area while the Defendant was at the DPD on February 4, 2025. The file size of the video provided to defense counsel is 343,770 KB and has a

run time of 1 hour, 24 minutes, and 51 seconds. The second media file, PEPE-000013, contains only video and it captures the DPD cell while the Defendant was inside of it. The file size of the video provided to defense counsel is 113,120 KB and has a run time of 28 minutes and 55 seconds. The Government's copies of PEPE-000012 and PEPE-000013 have the same file size and run time.[1]

On April 23, 2026, defense counsel for the Defendant informed the Government – for the first time - that the copy of PEPE-000012 she received in automatic discovery stopped playing after 24 minutes and 14 seconds of the 1 hour, 24 minute, and 51 second video. Within hours, the Government provided a copy to defense counsel that played in its entirety. The following day, the Government reviewed the copy of PEPE-000013 that was sent to defense counsel and discovered that it stopped playing 3 minutes and 26 seconds into the 28 minute and 55 second video. The Government then provided a copy to defense counsel that played in its entirety.

The harsh sanction of exclusion of evidence is only warranted if the Defendant can show: (1) the Government acted intentionally or in bad faith; (2) the Defendant has suffered a certain degree of prejudice; and (3) the prejudice cannot be cured with a less severe cause of action. *United States v. Maples*, 60 F. 3d 244, 247 (6th Cir. 1995) (citing cases). *Cf. United States v. Candelaria-Silva*, 162 F. 3d 698, 703 (1st Cir. 1998) ("This Court will not grant the 'draconian relief' of suppression and reversal when it is 'grossly disproportionate both to the prosecutor's nonfeasance

---

[1] The Government submitted to the Court the files at issue in Exhibit 1 to this Reply. The files include the copies originally produced in discovery to defense counsel on April 30, 2025 and the internal copies retained by the U.S. Attorney's Office. The purpose of this submission is to demonstrate that the file size and run times in what was produced to defense counsel and retained by the Government are identical. The only way to identify the technical flaw in the files produced to defense counsel would be to watch the copies in their entirety. The Defendant now has all media files included in Exhibit 1, but the Government will provide Exhibit 1 to defense counsel in an abundance of caution.

and any prejudice to the defense . . .'").

Here, the Government fulfilled its automatic discovery obligations by providing both files on April 30, 2025. The files provided, however, were technically flawed. The Government was not aware of these technical difficulties until defense counsel notified the Government on April 23, 2026. The Government quickly remedied the issue. If the technical difficulties were brought to the Government's attention at any time prior, the Government would have taken swift action. The Defendant's argument for exclusion of the files due to discovery violations should be denied because there is no evidence of intentional or bad faith conduct by the Government. *See*, *Maples*, 60 F. 3d at 247.

*Second*, the video and audio recording of the Defendant at the Deerfield Police Department (PEPE-000012) is admissible because even if it were obtained in violation of Massachusetts law – which it was not – federal law governs the admissibility of evidence in federal Court. *See, United States v. Charles*, 213 F.3d 10, 19 (1st Cir. 2000) ("federal law governs the admissibility of evidence in federal prosecutions… As a result, evidence obtained in violation of neither the Constitution nor federal law is admissible in federal court proceedings without regard to state law."). Whether or not Massachusetts wiretap laws were violated by the Deerfield Police Department is a fact-based inquiry that need not be conducted. Federal law controls.

Date:   May 6, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Thomas A. Barnico, Jr.*
Thomas A. Barnico, Jr. (BBO#696929)
Assistant United States Attorney
United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
413-785-0235

3

Thomas.Barnico@usdoj.gov

*/s/ Caroline Merck*
Caroline Merck (BBO#691919)
Assistant United States Attorney
United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
413-785-0235
Caroline.Merck@usdoj.gov

4

## **CERTIFICATE OF SERVICE**

I, Thomas A. Barnico, Jr., hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing.


May 6, 2026                                                   */s/ Thomas A. Barnico, Jr.*
                                                             Thomas A. Barnico, Jr.
                                                             Assistant United States Attorney