# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA   )
        v.                          ) Docket No. 3:25-CR-30007
                                    )
JUDITH PEPE,                        )
        *Defendant.*                )
_____)

## MOTION TO SUPPRESS AUDIO RECORDING

The Defendant's motion to suppress the recording of her telephone conversations at the Deerfield Police Department on February 4, 2025, should be allowed because it was recorded without her knowledge or consent or the knowledge or consent of the third party she called.

## FACTS

The Defendant was arrested by federal agents at her home on February 4, 2025, based on their allegations that she assaulted a federal agent by spitting on him. She was taken to the Deerfield Police Department in federal custody, where she made two telephone calls during which she discussed the circumstances of her arrest. (Def. Aff. ¶¶ 2-3.) She did not know she was being audio recorded at the time

1

and therefore could not consent to such recording. (*Id.* ¶ 4.) The two calls were made to the Defendant's mother, Dianne Surreira. (Surreira Aff. ¶ 2.) Ms. Surreira also was not aware that the Defendant was being audio recorded and did not consent to such recording. (*Id.* ¶ 3.)

## ARGUMENT

Subjects to certain exceptions not applicable in this case, the interception of oral communication without a warrant is a violation of 18 U.S.C. § 2511(1)(a), prohibiting "intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication[.]" The use of any part of an unlawfully intercepted communication recording is prohibited under 18 U.S.C. § 2511(d). The use of any part of an unlawfully intercepted communication during a judicial proceeding is specifically prohibited in 18 U.S.C. § 2515. S*ee United States v. Lewis*, 406 F.3d 11, 14 (2005) (noting that "Title III [of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), 18 U.S.C. §§ 2510-2522] prohibits the interception of telephone conversations, subject to certain exceptions, without a court order[, and] communications intercepted in violation of Title III are inadmissible as evidence in court.")

Moreover, even if the interception did not violate federal law, it clearly violated the more restrictive Massachusetts analogue, and "If a state should set forth procedures more exacting than those of the federal statute . . . the validity of the interceptions . . . would have to comply with that test as well." *United States v. Charles*, 213 F.3d 10, 20 (1st Cir. 2000) (quoting *United States v. Marion*, 535 F.2d 697, 702 (2d Cir. 1976)).

Massachusetts prohibits any person from "willfully commit[ting] an interception, attempt[ing] to commit an interception, or procur[ing] any other person to commit an interception or to attempt to commit an interception of any wire or oral communication[.]" G.L. c. 272, § 99(C)(1). Suppression of unlawfully intercepted communications is required. G.L. c. 272, § 99(P). The scope of suppression is broad. It requires that "no evidence of the existence of the interception come[s] to the attention of the fact finder." *Commonwealth v. Jarabek*, 384 Mass. 293, 299 (1981).

The Supreme Judicial Court of Massachusetts has specifically held that the results of undisclosed recording of arrestees in police stations must be suppressed to the extent that they "reveal[ed] the defendants' thoughts or knowledge about some fact or subject[.]"

3

*Commonwealth v. Morris*, 492 Mass. 498, 517 (2023), distinguishing

*Commonwealth v. Gordon*, 422 Mass. 816 (1996) (declining to

suppress surreptitious recording of administrative booking procedure

where only defendant's "bearing and manner of speaking" were

exhibited).

The recording should be suppressed whether the court applies

the federal or the state statute.

## CONCLUSION

For these reasons, the Defendant's Motion should be allowed.

Respectfully Submitted,
JUDITH PEPE,
By Counsel,
*/s/ Dana Goldblatt*
Massachusetts BBO# 601022
The Law Office of Dana Goldblatt
PO Box 85
Northampton, MA 01060
413-570-4136
dana@danagoldblattlaw.com

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,   )
    *Appellee,*             )

    v.                ) Docket No. 3:25-CR-30007

JUDITH PEPE,          )
    *Defendant-Appellant.*  )
_____)

---

## CERTIFICATE OF SERVICE

---

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) on May 12, 2026.

        Respectfully Submitted,
        JUDITH PEPE,
        By Counsel,
        */s/ Dana Goldblatt*
        Massachusetts BBO# 601022
        The Law Office of Dana Goldblatt
        150 Main Street, Ste 28
        Northampton, MA 01060
        413-570-4136
        dana@danagoldblattlaw.com

1