## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,   )
    *Appellee,*            )

v.                    ) Docket No. 3:25-CR-30007

JUDITH PEPE    ,        )
    *Defendant-Appellant.*  )
_____)

---

## DEFENDANT'S MOTION TO DISMISS WITH
## INCORPORATED MEMORANDUM OF LAW

---

The Defendant, through counsel, respectfully asks this court to dismiss the indictment with prejudice pursuant to 18 U.S.C. § 3161(a)(2). As reason therefor the Defendant asserts and argues that 108 non-excluded days have elapsed since the filing date of the indictment on February 20, 2025 (Doc. 8), and the nature of the offense and the facts leading to dismissal weigh in favor of finality.

### 1. Elapsed Time

A total of 421 days have elapsed, of which only 313 are excluded.

A total of 421 days have elapsed between publication of the indictment and April 17, 2026, when the parties filed motions in

1

limine, tolling the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).

A total of 313 of the elapsed days are excluded pursuant to 18 U.S.C. § 3161(h). The following periods were excluded in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7):

1. Between March 13, 2025, and April 22, 2025 (Doc. 14);

2. Between April 22, 2025, and June 17, 2025 (Doc. 23);

3. Between June 17, 2025, and August 5, 2025 (Doc. 25);

4. Between August 5, 2025, and September 9, 2025 (Doc. 31);

5. Between September 9, 2025, and November 19, 2025 (Doc. 48);

6. Between December 5, 2025, and January 22, 2025 (Docs. 96, 97).

The period between March 17, 2026, and March 30, 2026, is properly excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) because the Defendant's *ex parte* motion for authorization of fees and costs was then pending. (*See* Doc. 71 and Doc. 72).

Because 421 days have elapsed and only 313 are excluded, there are 101 non-excluded non-excludable days. The court should dismiss the indictment with prejudice.

## 2. Dismissal With Prejudice

Once the court determines that a speedy trial violation has occurs, the court has discretion to dismiss with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3161(a)(2). "The court may consider any other factors that are rationally related to the statutory objective of balancing public and private interests[.]" *United States v. Worthy*, 772 F.3d 42, 46 (1st Cir. 2014) (internal citations omitted).

First, the charges are not serious. The Defendant is charged with spitting on a federal agent during the execution of a search warrant, allegedly because the federal agent put his hands on her neck. The charged offense has an offense level of 13. See USSG § 2A2.4(b)(1).

Second, the dismissal occurred because the government was not alert to the running of the speedy trial clock, taking no action when the court scheduled trial outside the time for prosecution. No close or

3

novel issues of statutory interpretation are at issue. The government simply sat idle while the clock ran.

The First Circuit originally held that negligence weighed in favor of dismissal with prejudice, holding both the court and the prosecutor to a high standard of alertness in monitoring cases, *United States v. Ramirez*, 973 F.2d 36, 39 (1992). However, it has since reconsidered that analysis, *United States v. Barnes*, 159 F.3d 4, 17 (1998), at least where there are reasons to "spread the blame" and the defendant did not "behave like a defendant who wanted her day in court posthaste." *Id.* (finding defendant had requested continuances). In the instant case, where there is no intentional misconduct but, distinguishing *Barnes*, the Defendant has been diligent in raising speedy trial objections and has not requested any continuances, the second factor should weigh in favor of finality through dismissal with prejudice.

As far as the defense is aware, reprosecution will have no effect on the administration of the speedy trial statute or the administration of justice. The third factor is neutral.

> Respectfully Submitted,
> JUDITH PEPE,
> By Counsel,

4

*/s/ Dana Goldblatt*
Massachusetts BBO# 601022
The Law Office of Dana Goldblatt
PO Box 85
Northampton, MA 01060
413-570-4136
dana@danagoldblattlaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ | ) |
| UNITED STATES OF AMERICA, | ) |
|     *Plaintiff,* | ) |
| | ) |
|     v. | ) Docket No. 3:25-CR-30007 |
| | ) |
| JUDITH PEPE, | ) |
|     *Defendant.* | ) |
| _____ | ) |

---

## CERTIFICATIONS

---

<u>Certificate of Consultation</u>

I hereby certify pursuant to Local Rule 116.3(f) that I attempted to conference the Defendant's Motion to Dismiss with counsel for the Government on or about May 18, 2026, but owing to time constraints was unable to wait for a response.

/s/ Dana Goldblatt

<u>Certificate of Service</u>

I hereby certify that the Defendant's Motion to Dismiss was filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) on May 18, 2026.

/s/ Dana Goldblatt

1