UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. PEPE, III,<br><br>    Defendant | CRIMINAL No. 3:25-cr-30007-MGM |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS (ECF NO. 103)

Pursuant to the Court's Order on May 19, 2026 (ECF No. 107) - which allowed the Defendant's Motion for Extension of Time (ECF No. 104) to file her Motion to Dismiss based on Excludable Time (ECF No. 103) and permitted the Government leave to file this Response – the Government respectfully submits this timely opposition. The questions in front of the Court at this juncture are whether or not to (I) dismiss the case, which is scheduled for trial on June 1, 2026, and, if it does, whether to (II) dismiss the case with or without prejudice.

## ARUMENT

### I.    The Case Should Not be Dismissed and Trial Should Begin on June 1, 2026

The Government argued previously in its motion for excludable delay (ECF No. 95) and in supplemental briefing (ECF No. 101) that time between January 22, 2026 and June 1, 2026 should be excluded. The Government hereby renews its position and arguments stated therein. The Defendant did not assent to the Government's motion regarding the same period of excludable delay. And, only after the Government raised the issue with the Court, she asserted her right to a speedy trial and moved to dismiss less than two weeks before trial. (ECF 103 and 104). On May 19, 2026, the Court ordered that the time allowable under the Speedy Trial Act for the Government

to bring its case to trial expired by either 29 or 15 days. (ECF No. 108). The Government objects to the Court's order.

The Government, noting and reserving its objections above, concedes that since the Court has found that the Speedy Trial Act time limit of 70 days was violated (ECF No. 108), the case must be dismissed.[1]  The Government has found no authority to the contrary. The Speedy Trial Act states that the Court *shall* take certain actions. *See* 18 U.S.C. 3161(a) and 3162(a)(2). Dismissing the case is one of those actions that the Court must take under the Speedy Trial Act.

**II.     If the Court Dismisses the Case, it Should do so without Prejudice**

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a re-prosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(2). "As is plain from this language, courts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but, in order to proceed under the Act, must consider at least the three specified factors." *United States v. Taylor*, 487 U.S. 326, 333 (1988). Additionally, "[t]he court may consider any other factors that are rationally related to the statutory objective of balancing public and private interests; in this Circuit, 'we have come to describe prejudice to the defendant as the fourth factor for courts to consider.'" *United States v. Worthy*, 772 F.3d 42, 46 (1st Cir. 2014) (quoting *United States v. Franklin*, 630 F.3d 53,  58 (1st Cir. 2011). The four factors above overwhelmingly weigh in favor of dismissal without prejudice.

---

[1] The Defendant only argues that her rights under the Speedy Trial Act were violated. She raises no Sixth Amendment claim and the Court should thus deem this argument waived.

### 1.    *Seriousness of the Offense*

"Courts have designated very few crimes as non-serious." *United States v. Medugno*, 233 F. Supp. 2d 184, 186 (D. Mass. 2002) (witness tampering charge with base level offense of 12 was a serious offense). Perhaps where minimal property is damaged or money is stolen, those crimes could be considered "not serious." *Id.*   An assault on a federal law enforcement agent, in this case, spitting in an agent's face, is a serious offense.  After all, "spitting is not a de minimus form of physical contact for purposes of 111(a)." *United States v. Lehi*, 2011 Lexis U.S. App. LEXIS 22452 at \*6 (5th Cir. 2011). "[I]ntentionally spitting in another's face easily falls within the scope of an offensive touching." *United States v. Lewellyn,* 481 F.3d 695, 697 (9th Cir. 2007). "[I]t is ancient doctrine that intentional spitting upon another person is a battery." *United States v. Masel*, 563 F.2d 322, 324 (7th Cir. 1977).  Spitting is "a bodily contact intentionally highly offensive and thus constitutes a "forcible assault, or more exactly, a battery." *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974).

The seriousness of the crime is further demonstrated by the circumstances in which the defendant committed it.  The Federal Bureau of Investigations obtained a search warrant from this Court to search the bedroom of a woman who was charged with attempting to assassinate a political appointee and carrying an incendiary device on U.S. Capitol grounds. During execution of the search warrant, the Defendant – the woman's roommate – was present in the home. She insulted agents, screamed at them, disregarded instructions and warnings of detention, and generally made executing the search warrant impossible and unsafe for the agents. Upon being detained, the Defendant intentionally spit in an FBI agent's face. She was transported to the Deerfield Police Station where she continued to scream, insult and instigate officers, destroy police property, and threaten FBI agents. She told one FBI agent that "the world would be better with you in a box"

3

and asked others why it was illegal to spit their faces when their faces were so "spittable." While in this Court's holding cell, the Defendant continued to scream at FBI agents and United States Marshalls and attempted to damage property. The U.S. Marshalls needed to restrain her.

The seriousness of the offense is also evidenced by the statutory penalty set out in 18 U.S.C. § 111(a). Under the statute, an assault that results in physical contact, as alleged here, is a felony punishable by up to 8 years in prison, 3 years of supervised release, and a fine up to $250,000. (ECF No. 8). Under the United States Sentencing Guidelines, the guideline range for imprisonment is 12-18 months. *See* USSG s. 2A2.4(b)(1). These serious consequences are born only of a serious crime.

By comparison, the defendant's assertion – that spitting in the face of another is not a serious offense – is unsupported by common sense and case law.  In fact, the Government is unable to find any precedent in support of the Defendant's position or in which a court found that *any* crime involving the use of violence and a victim was "not serious."

The Defendant's conduct and charge are serious. The Court should weigh this factor in favor of dismissing the case without prejudice.

### 2.    *Facts and Circumstances Leading to Dismissal*

The facts and circumstances of this case, as explained below, are unique and the Government's conduct was not intentional or in bad faith. As such, this factor weighs in favor of dismissal without prejudice.

On November 19, 2025, a Status Conference was held in front of U.S. Magistrate Judge Katherine A. Robertson. (ECF No. 51). The Government filed a Status Report (ECF No. 49) and the Defendant filed a separate Pretrial Memorandum (ECF No. 50). The reason for the separate filings was a dispute over discovery and excludable delay. The Government requested a final status

conference and that time between November 19, 2025 and that final status conference be excluded. (ECF Nos. 49, 49-1). The Defendant proposed an interim status conference date. (ECF 50).

At the Status Conference hearing, Judge Robertson said that time between November 19, 2025 and the filing of Defendant's Motion to Compel would not be excluded. Judge Robertson also set filing deadlines for the Motion to Compel and the Government's Response. (ECF 51). A hearing date on the Motion to Compel was set for January 21, 2026. (*Id.*). Judge Robertson stated at the hearing, and wrote on the docket, that the "Court will issue an order of excludable delay upon filing of the Motion to Compel." (*Id.*) The Defendant filed her Motion to Compel Discovery on December 5, 2025 and the Government replied on December 19, 2025. (ECF Nos. 57-60). No order of excludable day was entered. A Motion Hearing date was set for January 21, 2026. (*Id.*).

On January 7, 2026, the case was no longer referred to Judge Robertson.[2] (ECF No. 62). Also on January 7, 2026, U.S. District Court Judge Mark. G. Mastroianni (herein, "the Court") issued an order canceling the Motion Hearing previously set for January 21, 2026 and rescheduled the case for a remote Status Conference on January 22, 2026. (ECF No. 61). On January 21, 2026, the Government filed a Status Report which reported that "(t)he government states that the ends of justice are served by granting a continuance until the date of a final status conference and excluding this time from the calculation of the time within which the trial must begin outweighs the best interests of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A) and Local Rule 112.2. This exclusion will serve the ends of justice because it will permit time for the defendant to finish reviewing discovery produced by the government, serve additional discovery requests, and consider a possible plea. A proposed order for excludable delay

---

[2] The Honorable U.S. Magistrate Judge Robertson retired on or about January 7, 2026.

is attached to this status report. Defense counsel objection to this motion is noted in the proposed order" (ECF No. 64). The Government sent its Status Report to Defense Counsel on January 21, 2026. The Government informed Defense Counsel that it was preparing a motion for excludable delay that would reflect that Judge Robertson said that time from the last status conference through the filing of the Motion to Compel would not be excluded. But, Judge Robertson stated that time from the filing of the Defendant's motion to compel through the Court's decision would be excluded. The parties did not discuss - and there was no agreement - on the prospective exclusion of time from January 22, 2026 through the expected final status conference.

On January 22, 2026, the Court denied Defendant's Motion to Compel. (ECF No. 65). Also on January 22, 2026, on its own motion and without consulting the parties, the Court canceled the remote conference scheduled for later that day and informed the parties that "a procedural order shall issue." (ECF No. 66). In light of this cancellation, the Government did not send its proposed motion to defense counsel and instead awaited further action from the Court. On January 28, 2026, the Court continued the case, set trial for June 1, 2026, and ordered trial procedural deadlines. (ECF No. 67). The period of time between January 23, 2026 and June 1, 2026 is 129 days.

The Government interpreted the Court's January 22, 2026 order, which canceled the final trial conference, and the Court's January 28, 206 trial order, which continued the case and set the trial date, as a "continuance granted by [the] judge on his own motion…" *See* 18 U.S.C. § 3161(h)(7)(A). The Government believed that the Court's *sua sponte* continuance was in the interest of justice. *See id*. The Government believed that this 129-day continuance for trial – well

beyond the 70-day Speedy Trial Act time limit – was placed far in advance so as to avoid potential scheduling conflicts and allow the parties to file motions and prepare for trial.[3]

The Court did not agree with the Government's interpretation above. (ECF No. 108). The Court held that "while 'a prosecutor does not bear the burden of monitoring the court's compliance with the [Speedy Trial Act] in absence of an announced rule, district courts do look to prosecutors for assistance as officers of the court' in monitoring the Speedy Trial Act clock. *United States v. Barnes*, 159 F.3d 4, 1617 (1st Cir. 1998) (quoting *United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir.1992))." (ECF No. 108).

The Government agrees with the Court. As an officer of the Court, it should have acted to assist the Court in monitoring the Speedy Trial Act clock. However, the Government's failure to monitor the compliance with the Speedy Trial Act does not elevate to intentional misconduct or egregious tactics contributing to delays. The Defendant agrees. Def. Mot. at 4 ("there is no intentional misconduct"). Where there is no intentional or egregious misconduct by the Government, the Court should dismiss cases without prejudice. *See United States v. Barnes*, 159 F.3d 4, 17 (1st Cir. 1998) ("Where, as here, the actual speedy trial violation resulted solely from neglect rather than intentional misconduct, that circumstance tips ever so slightly in favor of dismissal without prejudice."; *United States v. Winston*, 492 F. Supp. 2d 15, 2007 U.S. Dist. LEXIS 45980 (D. Mass. 2007) ("the government's misconduct here was not egregious. [And] the unusual procedural history of the case caught the court (and, apparently, the government) off guard. This oversight will not recur.") As such, the facts and circumstances leading to the dismissal of this case weigh in favor of dismissal without prejudice.

---

[3] *See, generally,* the Government's Supplemental Briefing regarding its Motion to Exclude Time. (ECF No. 101).

### 3. *Impact of a Re-prosecution on the Administration of Speedy Trial Act and the Administration of Justice*

The Defendant stated that "as far as the defense is aware, re-prosecution will have no effect on the administration of the speedy trial statute or the administration of justice." Def. Mot. at 4. The Government agrees. The unique procedural history of this case and the Government's lack of bad faith or intentional misconduct forecloses any prophylactic purpose that could serve to ensure future compliance with the Speedy Trial Act. And the re-prosecution of this case will require minimal judicial resources. As the Court is aware, both parties have heavily litigated discovery issues, filed motions *in limine*, a motion to suppress, and proposed jury instructions and *voir dire* questions. There are unlikely to be an discovery issues or pretrial other pretrial motions and a jury trial would take no more than two days. The Government and the Defendant are in agreement that there will be no impact. Thus, this factor weighs in favor of dismissal without prejudice.

### 4. *Prejudice Against the Defendant*

In her request to dismiss the case with prejudice, the Defendant fails to articulate how she is prejudiced. (Def. Mot. at 3-4). The Defendant is not detained nor is she on any restrictive or imposing pretrial conditions of release. According to the Court's calculations, the Speedy Trial Act was violated by 15 or 29 days. (ECC No. 108). The case was indicted on February 20, 2025 – fifteen months ago. The Defendant does not – and cannot – claim she is prejudiced. This factor also weighs in favor of dismissal without prejudice.

8

**CONCLUSION**

The Court should DENY the Defendant's Motion to Dismiss, or, in the alternative, dismiss the case without prejudice.

Date:   May 22, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:  */s/ Thomas A. Barnico, Jr.*
Thomas A. Barnico, Jr. (BBO#696929)
Assistant United States Attorney
United States Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105
413-785-0235
Thomas.Barnico@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I, Thomas A. Barnico, Jr., hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing.


May 22, 2026                                                        */s/ Thomas A. Barnico, Jr.*
                                                                         Thomas A. Barnico, Jr.
                                                                         Assistant United States Attorney